J-S94019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| KERMIT T. PITTMAN | |
| Appellant | No. 996 MDA 2016 |

Appeal from the PCRA Order May 11, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000554-2011

BEFORE:  LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED MARCH 10, 2017**

Appellant, Kermit T. Pittman, appeals from the May 11, 2016 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Appellant was arrested and charged with first degree murder, second degree murder, and robbery as a result of the January 10, 2011 death of Florentine Lopez.[1]  **See** Post-Sentence Memorandum and Order, 9/14/12, at 1-2.  A jury convicted Appellant of the above charges.  **Id.**  The trial court proceeded immediately to sentencing and imposed a mandatory life sentence for first degree murder and a concurrent five-year sentence for

_____

[1] 18 Pa.C.S. §§ 2502, 3701.

[*] Former Justice specially assigned to the Superior Court.

robbery. *Id.* The sentence for second degree murder merged with the sentence for first degree murder. *Id.*

Appellant timely filed a direct appeal. His judgment of sentence was affirmed October 8, 2013. *See Commonwealth v. Pittman*, 87 A.3d 877 (Pa. Super. 2013) (unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on April 9, 2014. *See Commonwealth v. Pittman*, 89 A.3d 661 (Pa. 2014) (unpublished memorandum).

On March 4, 2016, Appellant *pro se* filed an untimely petition seeking PCRA relief. Counsel was appointed to represent Appellant and filed a *Turner/Finley* letter.[2] The PCRA court gave Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed within twenty days. Appellant filed a response to the court's notice. On May 11, 2016, the court formally dismissed Appellant's petition. On July 28, 2016, the court granted counsel's petition to withdraw.

Appellant timely appealed. The PCRA court did not issue an order pursuant to Pa.R.A.P. 1925(b). In lieu of a formal opinion, it adopted its order dismissing Appellant's amended PCRA and notice of intent to dismiss.

Herein, Appellant presents three issues for our review:

> I. Did [the] trial court err when it dismissed Appellant's petition without a hearing on Appellant's claims of cruel and unusual

---

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1998); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1998).

punishment, namely that the Eighth Amendment forbids a sentencing scheme that mandates life without possibility of parole for juvenile offenders, where Pennsylvania's mandatory sentencing scheme violates the proportionality principle, imposing life sentences on juveniles without any individualized considerations.

II. Did [the] trial court err when it dismissed Appellant's petition without a hearing on Appellant's claims of equal protection violations, namely that the Equal Protection Clause of the Fourteenth Amendment requires that the distinction made have some relevant to the purpose for which the classification is made, where Article V § 16(q)(ii) of the Pennsylvania Constitution defines Appellant as a juvenile.

III. Did the trial court err when it dismissed Appellant's petition without a hearing [on] Appellant's claims of due process violations, namely that the Due Process Clause gives Appellant the Eighth Amendment protections guaranteed under the United States Constitution, where no individualized considerations were made and Appellant was a juvenile sentenced to life without parole.

Appellant's Brief at 4.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the

PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is untimely.[3] Accordingly, in order to reach the merits of his issues, he must plead and prove one of the exceptions to the

_____

[3] Appellant's judgment of sentence became final on July 8, 2014, at the expiration of the ninety-day time period for seeking review with the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (noting that Sup.Ct.R. 13 grants an Appellant ninety days to seek review with the United States Supreme Court). Thus, Appellant had until July 8, 2015, to file a timely PCRA petition.

time bar. **See Bennett**, 930 A.2d at 1267. Appellant has failed to do so. In his brief he argues, incorrectly, that his sentence is unconstitutional because he was a juvenile who received a mandatory life sentence.[4] Appellant makes no attempt to argue that this claim meets a timeliness exception, nor could he do so. Even if Appellant had properly invoked the newly-recognized constitutional right exception, this court has previously rejected the argument that offenders who are over eighteen may be considered "technical juveniles" per **Miller v. Alabama**.[5] **See**, **e.g.**, **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016).

Accordingly, the PCRA court's determination that Appellant's petition is untimely and meets no timeliness exception is supported by the record and free of legal error. **Ragan**, 923 A.2d at 1170.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2017

---

[4] The record reflects that Appellant was over eighteen years of age at the time he committed the murder. **See** Secure Docket, at 2; Post-Sentence Memorandum and Order, 9/14/12, at 1-2.
[5] **Miller v. Alabama**, 132 S. Ct. 2455 (2012).